UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MELINDA ANTONUCCI, CASEY MATHIEU, </br></br>  Plaintiffs, </br></br>  v. </br></br> CHRISTOPHER WINTERS, in his personal and official capacity as Commissioner of the Vermont Department for Children and Families; ARYKA RADKE, in her personal and official capacity as Deputy Commissioner, Vermont Department for Children and Families, Family Services Division; STACEY EDMUNDS, in her personal and official capacity as Director, Residential Licensing & Special Investigations, Vermont Department for Children and Families; and PAULA CATHERINE, in her personal and official capacity as a Licensing Officer, Residential Licensing & Special Investigations, Vermont Department for Children and Families, </br></br>  Defendants. | Case No. 2:24-cv-783 |

**OPINION AND ORDER**

Plaintiffs Melinda Antonucci and Casey Mathieu bring this action claiming violations of their rights under the First and Fourteenth Amendments to the United States Constitution.

Plaintiffs allege Defendants unlawfully revoked their license to serve as foster parents after Plaintiffs expressed certain objections, including their unwillingness to assist with the social and medical transitioning of a potential transgender foster child.  Pending before the Court is Defendants' motion to consolidate this case with a similar lawsuit involving a different group of plaintiffs.  For the reasons set forth below, the motion to consolidate the two cases is denied.

## Factual Background

In the instant case, Plaintiffs Melinda Antonucci and her husband Casey Mathieu claim that their license to provide foster care was wrongfully revoked.  Plaintiffs allege that although they agreed to accept any child, their religious beliefs barred them from agreeing to assist with a potential foster child's gender-affirming social and medical transitioning.  Melinda Antonucci also reported that she would not instruct her biological son to use pronouns that did not align with the potential foster child's birth gender.

Plaintiffs claim that DCF has adopted a *de facto* policy requiring foster families to commit, prior to any foster placement, to facilitating the social and medical transitioning of transgender-identifying children.  They also allege that their license revocations were prompted by Melinda's activity on

Facebook related to a local school policy on social transitioning of transgender students.

Defendants move the Court to consolidate this case with one brought by Brian Wuoti, Kaitlyn Wuoti, Michael Gantt, and Rebecca Gantt.  *See Wuoti et al. v. Winters et al.*, Case No. 2:24-cv-614 ("*Wuoti*").  The Defendants in both cases are the same and, as in this case, the plaintiffs in *Wuoti* were denied foster care licenses after expressing objections based upon their religious beliefs.  Specifically, Brian and Kaitlyn Wuoti allegedly informed the Vermont Department for Children and Families ("DCF") that they could not encourage a child to pursue same-sex romantic behavior or to transition to the opposite gender.  Brian and Rebecca Gantt reportedly explained to DCF that they would love any child regardless of how the child identified but could not use pronouns inconsistent with the child's birth gender, or take the child to pride parades, due to their Christian faith.  DCF revoked each couple's foster care license.

In the instant case, the Verified Complaint asserts causes of action for retaliation; compelled speech and viewpoint discrimination; violation of Plaintiffs' free exercise rights; and violation of Plaintiffs' equal protection rights.  In *Wuoti*, the Complaint bring two causes of action under the First Amendment alleging free speech and free exercise violations, and

3

two causes of action under the Fourteenth Amendment alleging due process and equal protection violations.  Plaintiffs in both cases have filed motions for preliminary injunctions.  Here, Defendants have filed a motion to dismiss asserting official capacity immunity; lack of personal involvement; qualified immunity; and failure to state a plausible retaliation claim.  Defendants have not moved to dismiss in *Wuoti*.  The *Wuoti* plaintiffs have moved to amend their complaint to add a claim that Defendants retaliated against them for expressing their religion-based objections.

## Discussion

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions."  Fed. R. Civ. P. 42(a).  A district court "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990).  "A party moving for consolidation 'must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation.'" *R.W. Grand Lodge of Free & Accepted Masons of Pennsylvania v. Meridian Capital Partners, Inc.*, 634 F. App'x 4,

4

6 (2d Cir. 2015) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).

The two cases at issue undoubtedly share some questions of law and fact. There are also important differences. Both complaints assert violations of First Amendment rights. Plaintiffs note, however, that the claims in the two cases center on different regulations. Moreover, the Antonuccis allege retaliation based upon Facebook activity, while the *Wuoti* plaintiffs seek leave to amend to add a broader retaliation claim. The *Wuoti* Complaint asserts a due process claim under the Fourteenth Amendment; the Antonuccis' Verified Complaint does not. The *Wuoti* plaintiffs seek only equitable relief; the Antonuccis are also pursuing damages.

In general, the Antonuccis' claims are relatively narrow, with care of a transitioning child being the primary concern. The *Wuoti* plaintiffs' objections are broader, relating to same-sex romantic behavior, attending pride parades, and/or using desired pronouns. Finally, the pending motion to dismiss in the instant case asserts a qualified immunity defense, which could lead to an immediate appeal. *See, e.g., Lennon v. Miller*, 66 F.3d 416, 422 (2d Cir. 1995) (stating that the Court of Appeals may review interlocutory orders in qualified immunity cases).

If the cases are consolidated, these differences may result in prejudice to the Plaintiffs, confusion at trial, and general

5

inefficiencies. The parties inform the Court that they have already agreed to follow the same discovery schedule. If the cases are consolidated, however, all plaintiffs would need to share the time allotted for depositions under Rule 30. Given the different sets of facts underlying the various claims, such a limitation could hinder Plaintiffs' efforts to obtain meaningful testimony on all relevant topics.

Furthermore, the alleged retaliation after Melinda Antonucci's Facebook post will be a focal point in the instant case, yet bears no relevance to the *Wuoti* claims. As noted above, some of the regulations at issue in the two cases reportedly differ. At trial, the question of damages (though nominal) would apply to only two of the six plaintiffs, thus potentially resulting in the presentation of evidence that has nothing to do with the *Wuoti* plaintiffs' claims.

Defendants argue that much of the discovery in the two cases will be duplicative. The Court finds that providing duplicate discovery in two similar cases presents only a minimal burden for the producing party, since the bulk of the work comes in collecting, not sending, the requested information. Defendants also submit that the factual premise of each case is the same: that "none of the plaintiffs demonstrated the ability to support an LGBTQ child in a manner consistent with DCF's requirements." ECF No. 40 at 3. Defendants are correct.

Nonetheless, the differences in the underlying facts, the claims brought, and the defenses raised render consolidation inappropriate at this time.

## Conclusion

For the reasons set forth above, Defendants' motion to consolidate (ECF No. 35) is denied.

DATED at Burlington, in the District of Vermont, this 20th day of February, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge
