UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

MELINDA ANTONUCCI,
CASEY MATHIEU,
                Plaintiffs,

        vs.

CHRISTOPHER WINTERS, et. al,
                Defendants.

Case No. 2:24-cv-783

## JOINT STIPULATION AND FINAL JUDGMENT ORDER

Plaintiffs Melinda Antonucci and Casey Mathieu ("Plaintiffs") and Defendants Sandi Hoffman, in her personal and official capacity as Interim Commissioner of the Vermont Department for Children and Families; Aryka Radke, in her personal and official capacity as Deputy Commissioner, Vermont Department for Children and Families, Family Services Division; Stacey Edmunds, in her personal and official capacity as Director, Residential Licensing & Special Investigations, Vermont Department for Children and Families; and Paula Catherine, in her personal and official capacity as a Licensing Officer, Residential Licensing & Special Investigations, Vermont Department for Children and Families ("Defendants"), by and through their undersigned counsel, hereby stipulate and agree to the entry of this Final Judgment.

Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983 alleging that the Vermont Department for Children and Families' foster care licensing determinations and related policies and practices violated their constitutional rights. Defendants deny any violation of law. On February 18, 2026, DCF issued a new Practice Guidance document ending the challenged policies and practices. Ex. A. Under this Practice Guidance, DCF has agreed to rescind the previous

1

revocation decisions and reinstate Plaintiffs' foster care licenses. The parties now jointly move to enter a stipulated order and final judgment in this case.

The Court, having jurisdiction over the parties and the subject matter of this action, and consistent with the Parties' agreed-to resolution of this matter, hereby enters the following Final Judgment.

IT IS HEREBY ORDERED:

1. Defendants shall reinstate Plaintiffs' foster care license to the same status, terms, conditions, and scope that existed immediately prior to its revocation or non-renewal. Reinstatement shall occur within the time agreed to in the Parties' settlement agreement.

2. Defendants represent that the Practice Guidance entitled "Supporting Conversations with Foster Care Applicants About Caring for LGBTQ+ Youth" (Ex. A) has been adopted in the form agreed to by the parties and governs foster care licensing determinations statewide. Defendants shall apply that Guidance in their evaluation of Plaintiffs.

3. In evaluating Plaintiffs' eligibility for foster care licensure or renewal, Defendants shall not:

   a. consider Plaintiffs' protected speech, religious beliefs, or viewpoints regarding sexual orientation, gender identity, or related issues as a basis for licensure or renewal determinations;

   b. condition licensure or renewal determinations on Plaintiffs' affirmation, endorsement, or adoption of any particular ideological or value-based positions regarding sexual orientation or gender identity;

   c. require Plaintiffs to engage in ideological or value-laden speech as a condition of foster care licensure or renewal.

4.     Defendants agree that the Practice Guidance shall govern considerations related to LGBTQ+ youth in Plaintiffs' foster parent licensure and licensing determinations. Policy 76 shall remain in effect solely as an internal policy applicable to Department staff and shall not be used, referenced, or relied upon in any manner in licensing determinations, investigations, or evaluations of foster parents or foster parent license applicants. Policy 76 shall not be applied in evaluating Plaintiffs' eligibility for foster care licensure.

5.     Defendants shall not take adverse licensing action against Plaintiffs in retaliation for Plaintiffs' participation in this action or assertion of constitutional rights.

6.     This Final Judgment resolves all claims asserted in this action.

7.     Each party shall bear their own costs and fees.

8.     The Court retains jurisdiction solely for the purpose of enforcing this Final Judgment.

APPROVED and SO ORDERED:

Date: <u>June 16, 2026</u>                                        <u>/s/ William K. Sessions III</u>
                                                                Hon. William K. Sessions III
                                                                U.S. District Court Judge

**JUDGMENT ENTERED ON DOCKET**
**DATE:  <u>6/16/2026</u>**

3

June 12, 2026                          Respectfully submitted,


By:    */s/ Joshua Dixon*
       Joshua Dixon
       Courtney Corbello
       Center for American Liberty
       2145 14th Avenue, Suite 8
       Vero Beach, FL 32960
       (703) 687-6212
       jdixon@libertycenter.org
       ccorbello@libertycenter.org

       Robert Kaplan
       Kaplan and Kaplan
       95 St. Paul Street Ste. 405
       Burlington, VT 05401
       (802) 651-0013
       rkaplan@kaplanlawvt.com

       *Counsel for Plaintiffs*

By:    */s/ Ryan Kane*
       Ryan P. Kane
       Deputy Solicitor General
       Office of the Attorney General
       109 State Street
       Montpelier, VT 05609-1001
       (802) 828-2153
       ryan.kane@vermont.gov

       *Counsel for Defendants*